**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS MACLEAN,

                Petitioner,                Case Number: 2:09-cv-12992

v.                                        HONORABLE GERALD E. ROSEN

KENNETH MCKEE,

                Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT AND REQUIRING RESPONSIVE PLEADING**

Petitioner Thomas MacLean, a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's Motion for Summary Judgment filed on the ground that Petitioner has not satisfied the exhaustion requirement. For the reasons set forth below, the Court denies the motion.

**I.**

In the petition, Petitioner challenges his convictions for second-degree murder and operating a motor vehicle while intoxicated causing death rendered in Macomb County Circuit Court. On April 6, 2006, Petitioner was sentenced to 17-1/2 to 30 years' imprisonment for the second-degree murder conviction and 5 to 15 years' imprisonment for the operating-a-motor vehicle conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised the following claims:

I. This case must be dismissed given the destruction and loss of the most significant physical evidence, the inability of the defendant's expert to analyze the evidence and scene, the loss of witnesses and memories based on the 8 year delay from the collision to the trial. This egregious violation of the defendant's constitutional rights to a speedy trial and due process is not excused in the interest of saving taxpayer money.

II. Reversible error occurred through the testimony of unqualified "experts" and the insufficient basis for the admissibility of blood alcohol levels and testing in this case.

III. Despite the fact that there was not a scintilla of evidence that the eight year delay was caused by the defendant, the constant baseless claims as to this and threats of a criminal investigation of the defendant's family and counsel constituted prosecutorial intimidation and deprived defendant of a fair trial, especially in light of extensive pretrial publicity that attributed the delay to the defendant.

IV. The trial court committed reversible error by prohibiting evidence of the defendant's good character traits by ruling that if this evidence was offered, the prosecution would then be allowed to introduce prior alcohol related offenses.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. MacLean*, No. 270525 (Mich. Ct. App. Sept. 18, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme court denied leave to appeal. *People v. MacLean*, 480 Mich. 1141 (March 26, 2008). Petitioner's motion for reconsideration was denied. *People v. MacLean*, 482 Mich. 899 (Mich. Apr. 16, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the following claims:

I. The petitioner must be discharged given the intentional destruction and loss of the most significant physical evidence of the collision, the inability of the petitioner's expert to analyze the evidence and scene, the loss of witnesses who were not able to testify and the deterioration of memories based on the 8 year delay from the collision to the trial. This egregious violation of the petitioner's constitutional rights to a speedy trial and due process is not excused for the stated purpose of saving taxpayer money.

II. The intentional destruction of all evidence of the collision is a denial of due process when a prosecution witness cannot therefore be effectively examined on his findings.

**II.**

Respondent has filed a motion for summary judgment on the ground that Petitioner has failed to exhaust his state court remedies.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 116 S. Ct. 457, 133 L.Ed.2d 383 (1995); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Respondent seeks summary judgment on the ground that Petitioner has not satisfied the exhaustion requirement. Respondent claims variously that the petition contains "at least two

unexhausted claims" (Respondent's Motion at 1), that the third claim is wholly unexhausted and portions of the second and fourth claims are unexhausted (Respondent's Brief at 3), and that the first, second, and fourth claims are exhausted, but the third claim is not (*id.* at 5, 6). The petition presents only two claims. The substance and supporting facts of both claims were presented to the Michigan Court of Appeals and Michigan Supreme Court. The claims, accordingly, are properly exhausted and the motion will be denied.

### III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent shall file an answer addressing the merits of the application for a writ of habeas corpus within **TWENTY-ONE DAYS** from the date of this Order.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 10, 2010, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

4