UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS V. MACLEAN,

        Petitioner,        Case Number: 2:09-CV-12992

v.        HONORABLE GERALD E. ROSEN

KENNETH T. MCKEE,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP 59(e)

This matter is presently before the Court on Petitioner Thomas V. MacLean's Motion for Reconsideration Pursuant to FRCP 59(e). In this Motion, Petitioner argues that the Court should have treated the issuance of an arrest warrant as the triggering point for a speedy trial analysis rather than Petitioner's arrest and that the delay between issuance of the warrant and Petitioner's arrest and trial should be attributed to the State.

The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996), citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Generally, a court may grant a Rule 59(e) motion in one of three situations: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

However, a motion filed under 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

Petitioner's argument that the Court improperly used Petitioner's arrest date as the trigger for a speedy trial analysis is not supported by clearly-established Supreme Court precedent. Petitioner conflates the question of when the speedy trial clock commenced with the question of to whom the delay in arresting Petitioner may be attributed. Analysis of to whom a pretrial delay is attributable is only triggered where there is some delay that is presumptively prejudicial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Here, the six-month delay between arrest and trial was not presumptively prejudicial and, therefore, Petitioner's right to a speedy trial was not violated. The Speedy Trial Clause does not apply to a delay preceding an indictment or arrest. *United States v. Marion*, 404 U.S. 307, 313-315 (1971).

Petitioner also argues that the Ninth Circuit Court of Appeals' decision in *United States v. Geelan,* 520 F.2d 585 (9th Cir. 1975) "cannot be ignored" and supports granting his motion for reconsideration. Petitioner's Brief in support of motion, p. 9. The *Geelan* decision is inapposite for two reasons. First, habeas relief may not be granted based upon

a state court's failure to reasonably apply the holding of a circuit court. *Thaler v. Haynes*, 559 U.S. 43, __, 130 S. Ct. 1171, 1173 (2010) ("A legal principle is 'clearly established' within the meaning of [§2254(d)(1)] only when it is embodied by a holding of this [Supreme] Court."). Second, the *Geelan* decision addressed a delay in the trial of a mentally incompetent defendant who was involuntarily committed while awaiting trial. In this case, Petitioner was not arrested until six months before his trial. He remained free of any state-imposed restrictions on his freedom for the eight-year period preceding his arrest.

Accordingly, Petitioner's "Motion for Reconsideration Pursuant to FRCP 59(e)" is **DENIED**.

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated:  March 4, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2013, by electronic and/or ordinary mail.

s/Julie Owens  
Case Manager

3